574

Charles M. Phillips, U. S. Atty., of Trenton, N. J., for the United States.

A. Kenneth Dougall, of Newark, N. J., for defendant.

FORMAN, District Judge.

On February 3, 1934, the defendant bonding company acted as surety upon a bond given by Wilson Wineries, a New Jersey corporation, as principal, in the sum of $7,000, to the United States of America.

On March 29, 1934, Leo A. Crossen, District Supervisor, Third District [Bureau

of Industrial Alcohol, Bureau of Internal Revenue, United States Treasury Department], approved the bond.

The bond provided as follows:

"Whereas the above-bounden principal is engaged or intends to engage in business of making and selling domestic wines on premises located at 52 Park Avenue, Guttenberg, N. J. in the Fifth collection district of New Jersey.

"Now, therefore, the condition of this obligation is such that if the said principal shall fully and faithfully comply with all requirements of the laws of the United States and regulations issued in pursuance thereof respecting the production, storage, sale, or removal, and the accounting of all wines produced or received by him, or which now remain on said premises; and if the said principal shall well and truly pay all taxes due on said wines at the time and in the manner required by said laws and regulations, then this obligation to be void; otherwise to remain in full force and effect."

The government charges that the surety became liable for delinquencies upon the part of the principal as set forth in the following paragraphs of its complaint in this suit:

"7. After the execution of the obligation the Wilson Wineries failed to pay the tax at the rate of 2½¢ per half pint 3,039 wine gallons of liqueurs and cordials produced from wine containing sweet wine fortified with grape brandy at the premises of the bonded winery covered by the said bond, the total tax due thereon being    $1215.60

"8. After the execution of the said obligation the Wilson Wineries added substances such as syrup, glycerine and other materials to 13,433.15 proof gallons of wine, the said operation constituting rectification and making the said 13,433.15 proof gallons of wine taxable at the rate of 30¢ a proof gallon; that the tax due on the wine so rectified being    $4029.95

"9. After the execution of the said obligation Wilson Wineries failed to account for 8,883 wine gallons of wine containing less than 14% of alcohol by volume then taxable at the rate of 10¢ per gallon, the tax due on the said 8,883 wine gallons of wine being    $ 888.30

"10. Between September, 1934 and June, 1935 there became due as the result of the foregoing operations of the Wilson Wineries taxes for engaging in business as a rectifier for the period September, 1934 to June, 1935 in the sum of $83.34 plus a penalty of $20.83 for failure to pay the said tax making the sum of $104.17, also a tax as a wholesale liquor dealer for the period November, 1934 to June, 1935 in the sum of $66.67 besides $16.67 penalty making the sum of $83.-34, a total tax as wholesale liquor dealer and rectifier by reason of the aforementioned operations in the sum of    $ 187.51"

$6321.36

The defendant concedes its liability for the unpaid tax described in Paragraph 9 as above in the sum of $888.30.

The United States concedes that the taxes and penalties charged in Paragraph 10 in the aggregate sum of $187.51, incurred by the principal for acting as a wholesale liquor dealer and rectifier, are not recoverable against the defendant.

The issue then revolves around the charges set forth in Paragraphs 7 and 8.

The authority for the levy of these taxes according to the contention of the United States is found in the Internal Revenue Code of the United States under the main heading:

"Chapter 26—Liquor

"Subchapter A—Distilled Spirits

"Part I—Provisions relating to tax

"Sec. 2800 Tax

"(a) Rate * * *.

"(5) Rectified spirits and wines. In addition to the tax imposed by this chapter on distilled spirits and wines, there shall be levied, assessed, collected, and paid, a tax of 30 cents on each proof gallon and a proportionate tax at a like rate on all fractional parts of such proof gallon on all distilled spirits or wines rectified, purified, or refined in such manner, and on all mixtures produced in such manner, that

the person so rectifying, purifying, refining, or mixing the same is a rectifier within the meaning of section 3254(g): Provided, That this tax shall not apply to gin produced by the redistillation of a pure spirit over juniper berries and other aromatics." 26 U.S.C.A. Int.Rev. Code, § 2800.

The government argues that, since the defendant surety does not contest the allegation that Wilson Wineries, the principal, unlawfully performed rectification and fortification operations upon wine in its warehouse and in so doing produced cordials or liqueurs taxable at 30¢ per wine gallon, which tax was unpaid, it is liable for such unpaid taxes as accrued from the principal. It points to the condition of the bond as placing liability on the defendant surety for the payment of "all taxes due on said wines at the time and in the manner required by said laws and regulations, * * *".

The liability of the defendant under its obligation was for the faithful compliance of the principal with "all requirements of the laws of the United States and regulations issued in pursuance thereof respecting the *production, storage, sale,* or *removal,* and the *accounting* of all *wines* produced or received by him, or which now remain on said premises * * *". (Italics supplied)

■ Its liability is limited to the failure of the principal to comply with the law and regulations concerned with *wine* as set forth in the bond. It cannot be extended, as the government would have it, so as to make it liable for a tax on an end product to which the principal diverted some of the wine for the purpose of rectification or fortification. It is to be observed that this was a form of bond provided by the government for execution by winemakers or dealers and their sureties. It is authorized under another subchapter of the Internal Revenue Code known as:

"Subchapter B—Wines * * *

"Sec. 3040. Requirements on producers

"(a) Notice, bonds, and stamps. Every person producing after February 24, 1919, or having in his possession or under his control on February 24, 1919, any wines subject to the tax imposed in paragraphs (1) and (2) of section 3030 (a) shall file such notice, describing the premises on which such wines are produced or stored; shall execute a bond in such form * * *

as the Commissioner, with the approval of the Secretary, may from time to time prescribe as to each; and the premises described in such notice shall, for the purpose of this chapter, be regarded as bonded premises." 26 U.S.C.A. Int.Rev. Code § 3040.

The government also provided a form of bond wherein a surety undertook to secure the compliance by a principal with the law and regulations concerning rectification, entitled "Form 34 Treasury Department, Bureau of Industrial Alcohol, November 1933." The condition of that form of bond is as follows: "Now, therefore, the condition of this obligation is such that if the said principal shall pay all taxes at the rate provided by law on all spirits or wines hereafter rectified, purified or refined by _h_ and on all mixtures hereafter produced by _h_ in such manner as to constitute rectification, and shall comply with the law and regulations relating to rectification, then this obligation shall be void; otherwise to be and remain in full force and effect." Of course, the surety in this case did not execute such a bond and it was not in the contemplation of the surety that it was to secure the actions of a rectifier.

■ Under its obligation on the bond in suit the defendant incurred liability for all taxes owing and unpaid by the principal concerned with the production, storage, sale, or removal, and the accounting of all *wines* produced or received by the Wilson Wineries or which remained on the premises at the time of the execution of the bond. Hence under Paragraph 9 of the complaint where it is charged that the winery failed to account for 8,883 wine gallons of wine containing less than 14% of alcohol by volume then taxable at 10¢ per wine gallon, the defendant surety is, as it concedes in this suit, liable to pay the tax on the wine which failed of proper accounting.

■ The government seeks to make it liable because it is alleged that the principal, Wilson Wineries, used some wine in an operation which resulted in the manufacture of other products. It attempts to compel the surety to assume the payment of taxes not on *wine* but on the results of the process in which wine was used. It appears that this is beyond any undertaking entered into by the surety. The form and contents of the bond were prescribed by the United States, the obligee thereunder, and

the terms thereof should not be construed beyond their express and fair interpretation. Counsel for the government has directed me to no case in point to sustain its contention and I can find none.

Hence no recovery will be allowed for the rectification and fortification taxes claimed in Paragraphs 7 and 8 of the complaint.

Judgment in the sum of $888.30 may be taken based upon Paragraph 9 thereof.